RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 10/16/08

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| Fruge | Civil Action No. 08-0010 |
| versus | Judge Tucker L. Melançon |
| Augusta Barge Co., et al | Magistrate Judge Methvin |

## MEMORANDUM RULING

Before the Court is plaintiff Jason Fruge's Motion for Summary Judgment and Attorney's Fees [Rec. Doc. 24], defendant Five B's, Inc.'s opposition memorandum and Motion to Strike Plaintiff's Summary Judgment Evidence[1] [Rec. Doc. 33] and plaintiff's reply memorandum [Rec. Doc. 45]. For the following reasons, plaintiff's motion for summary judgment will be denied and defendant's motion to strike will be denied as moot.

This action was filed by Jason Fruge against Augusta Barge Company and Five B's Inc. arising out of personal injuries he allegedly sustained in a collision on or about July 6, 2007 in the Intracoastal Waterway near Intracoastal City, Louisiana. On that date, Augusta Barge Company's inland tug, *M/V Murray L II*, collided with the lead of two barges being towed by a Five B's tug, *M/V Capt. Les Barrois*. At the time of the collision, Fruge was employed as an off-duty deck hand by Five B's aboard the *M/V Capt. Les Barrois*. The U.S. Coast Guard Report of Investigation indicates that the vessel owned and/or operated by Augusta Barge had been experiencing electrical and engineering problems and was pushed-up against the south bank of the Intracoastal Waterway, was in gear with no crew member at the helm and thereafter drifted into the Intracoastal Waterway and collided with the lead barge being towed by Five B's. *R. 33, Exh. A, USCG Report of Investigation*. On January

---

[1] Defendant Five B's asserts that plaintiff's Exhibits 1, 2, 3 and 6 are not authenticated as required under Federal Rule of Civil Procedure 56(e).

4, 2008, plaintiff filed suit against Augusta Barge Company and his employer, Five B's, under the Jones Act and General Maritime Law. Thereafter, plaintiff, through his counsel, made demand on Five B's for maintenance and cure. Five B's denied plaintiff's demand for maintenance and cure. Plaintiff filed this motion for summary judgment contending that there are no genuine issues of material fact that Five B's owes plaintiff maintenance and cure from the date of his alleged injuries, July 6, 2007. Plaintiff further contends that he should be awarded reasonable attorney's fees for Five B's arbitrary refusal to pay him maintenance and cure benefits.

In its memorandum in opposition to the motion, Five B's asserts that, contrary to plaintiff's Statement of Uncontested Material Facts, the issue of whether plaintiff was injured in the service of the vessel is "a hotly contested issue in this case and is the threshold issue plaintiff has the burden of proving to demonstrate his entitlement to maintenance and cure." *See, e.g., Liner v. J.B. Talley and Co., Inc.* 618 F.2d 327 (5th Cir. 1980); *Joubert v. C & C Technologies, Inc.*, 2005 WL 1830996, 2 (W.D.La.,2005)(Melancon, J.). As represented by Five B's, the United States Coast Guard Report of Investigation indicates that there were no injuries to the crew members and no damage to the *M/V Capt. Les Barrois*, which plaintiff was aboard at the time of the collision. *R. 33, Exh. A, USCG Report of Investigation*. Five B's cites the July 31, 2007 medical reports from Fruge's cervical and lumbar MRIs, provided by plaintiff in support of his demand for maintenance and cure, as evidence that neither record of treatment attributed plaintiff's condition to the collision.[2] *R. 33, Exh. B; G*. Five B's also cites a sworn statement of Terry Schaubert, plaintiff's uncle, in which Schaubert testified under oath that plaintiff confessed to Schaubert that he had fabricated the story of

---

[2] In his reply memorandum plaintiff provides an Orthopedic Report dated 10/23/07 which the record indicates is plaintiff's first mention of the July 6, 2007 collision.

2.

being injured on the vessel. *R. 33, Exh. C., Sworn Statement of Terry Schaubert p. 18, ll. 14-17.* Five B's asserts that, based on the incomplete medical reports and information Five B's received from third parties, the company denied plaintiff's demand for maintenance and cure to further investigate and corroborate plaintiff's claim. *See, Morales v. Garijak, Inc.,* 829 F.2d 1355 (5th Cir.,1987).

A motion for summary judgment can only be granted if the pleadings, depositions, and affidavits submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Before a court can find that there are no genuine issues of material fact it must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Ladue v. Chevron, U.S.A., Inc.,* 920 F.2d 272 (5th Cir. 1991).

As the parties each submit different versions of the relevant facts, the issues before the Court are not in a posture to be properly disposed of by summary judgment. The motion will thus be denied. Also, as plaintiff's motion for summary judgment will be denied, defendant Five B's motion to strike the summary judgment evidence will be denied as moot.

