RECEIVED

BY

MAR 19 2009

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| Jason Fruge | Civil Action No. 6:08-0010 |
| versus | Judge Tucker L. Melançon |
| Augusta Barge Co., et al | Magistrate Judge Methvin |

## MEMORANDUM RULING

Before the Court is defendant Five B's, Inc.'s Motion In Limine To Exclude Testimony of Glenn M. Hebert, MRC [Rec. Doc. 49] and defendant August Barge Company's Motion To Adopt Defendant, Five B's, Inc.'s Motion In Limine To Exclude Testimony Of Glenn M. Hebert, MRC [Rec. Doc. 68], as well as plaintiff's opposition thereto [Rec. Doc. 55].

Defendants contend that Hebert's opinions related to the future earning capacity and future employability of Jason Fruge lack reliability and fail to satisfy the criteria set forth by the Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and therefore, must be barred. Defendants state that the opinions of Glenn Hebert as described in his report fail to consider, among other things, the effect of plaintiff's employment history, chronic drug problem, criminal history, probationary status, past and current incarceration and rates of recidivism on Fruge's future employability and earning capacity. Defendants further state that

Hebert offers "opinions" on Fruge's capacity to earn in the future based on speculative future medical status derived from Hebert's own experience with Fruge's doctors and their treatment of other patients, not Fruge. *R. 49, Exh. 1, 09/21/08 Report of Glenn Hebert.*

A district court's decision to admit or exclude the testimony of a proposed expert is reviewed under the abuse of discretion standard. *Wright v. Ford Motor Co.*, 508 F.3d 263, 275 (5th Cir. 2007). Applying this standard, the Fifth Circuit has recognized that district courts are given "wide latitude in determining the admissibility of expert testimony, and the discretion of the trial judge ... will not be disturbed on appeal unless manifestly erroneous." *Smith v. Goodyear Tire & Rubber Co.*, 495 F.3d 224, 227(5th Cir. 2007). In deciding whether to qualify a litigant's expert witness, a district court is guided by the Supreme Court's decision in *Daubert*, and Federal Rule of Evidence 702. *Id.* Since its decision in *Daubert*, the Supreme Court has expanded the Daubert analysis to include non-scientific testimony in *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999).

In *Daubert*, the Supreme Court instructed district courts to function as gatekeepers and permit only reliable and relevant expert testimony to be presented to the jury. *See Daubert*, 509 U.S. at 590-93. District courts must be assured that the proffered witness is qualified to testify by virtue of his "knowledge, skill, experience,

training, or education." Fed.R.Evid. 702. However, Federal Rule of Evidence 702 requires that the expert may testify only if "(1) the testimony is based upon sufficient facts or data; (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." *Id.*

The district court's chief role when determining the admissibility of expert testimony is that of a "gatekeeper." *Rushing v. Kansas City Southern Railway Co.*, 185 F.3d 496, 506 (5th Cir.1999). "The district court's responsibility 'is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field.'" *Burleson v. Texas Dept. of Criminal Justice,* 393 F.3d 577, 584 (5th Cir. 2004) (quoting *Kumho,* 526 U.S. at 152). "Although mathematical exactness is not required, expert testimony of post-injury earning capacity must be based upon a proper factual foundation." *Albert v. Jordan,* 2007 WL 4403966, *1(W.D.La.,2007)(J. Trimble)(citing *Elock v. Kmart Corp.,* 233 F.3d 734, 754 (3rd Cir.2000)).

Hebert's knowledge, skill, experience, training and education are not at issue. Hebert has testified numerous times over many years in many courts and has been accepted as an expert in vocation rehabilitation in the United District Court for the

Western District of Louisiana on frequent occasions.[1] What is at issue in this case is the relevance and reliability of Hebert's conclusions which his report indicates are based on his review of certain medical information submitted by counsel for plaintiff under cover letter dated August 20, 2008 and his meeting with Fruge on August 21, 2009, the day he wrote the report. *Id.*

After reviewing defendants' motions and plaintiff's memoranda in opposition thereto, the Court will allow Mr. Hebert to testify in this trial. Because this is a bench trial and the Court is capable of accessing the credibility of a witness's expertise, determining what evidence is helpful and what weight the evidence should be given at the time testimony is heard, a *Daubert* hearing is not necessary.

---

[1] Defendant does note, however, that Hebert's report does not include items (iv) - (vi) which are required of testifying experts under Rule 26(a)(2)(B).

MAR 19 2009
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

Jason Fruge                                    Civil Action No. 6:08-0010

versus                                         Judge Tucker L. Melançon

Augusta Barge Co., et al                       Magistrate Judge Methvin

## ORDER

In accordance with the Memorandum Ruling issued on this date, it is

ORDERED that defendant Five B's, Inc.'s Motion In Limine To Exclude Testimony of Glenn M. Hebert, MRC [Rec. Doc. 49] and defendant August Barge Company's Motion To Adopt Defendant, Five B's, Inc.'s Motion In Limine To Exclude Testimony Of Glenn M. Hebert, MRC [Rec. Doc. 68] are DENIED.

Thus done and signed this 16th day of March, 2009 at Lafayette, Louisiana.

Tucker L. Melançon
United States District Judge